# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ARMANDO MUNOZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CATES,<br><br>        Defendant. | Case No.  1:25-cv-00827-BAM (PC)<br><br>ORDER REQUIRING PLAINTIFF TO PROVIDE SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Julio Armando Munoz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated on July 9, 2025.  (ECF No. 1.)  In his complaint, Plaintiff states that there is an inmate appeal or administrative grievance process available at his institution, but he did not submit a request for administrative relief, and he did not appeal his request for relief to the highest level.  (ECF No. 1, p. 3.)  Plaintiff further states in explanation for why he did not submit or appeal a request for administrative relief, "Haven't figured it out."  (*Id.*)

On July 14, 2025, based on Plaintiff's statements, the Court issued an order requiring Plaintiff to show cause, within twenty-one days, why this action should not be dismissed for failure to exhaust administrative remedies.  (ECF No. 8.)

1

1    On August 7, 2025, Plaintiff filed a response to the order to show cause. In his response, Plaintiff states that he "exhausted 602's to Sacramento, Office of Appeals," and requests that the Court be patient with him because he suffers from mental problems. (ECF No. 9 at 1.) He further states that he "did exhaust all 602 remedies 2 weeks ago." (*Id.*) Plaintiff attaches to his response: (1) a copy of the Court's order to show cause issued on July 14, 2025, and (2) the first page of a 602 grievance on his conditions of confinement claim, which was stamped as received "2025 March 17." (ECF No. 9.)

Based on Plaintiff's response, the Court cannot determine if Plaintiff exhausted his administrative remedies regarding his conditions of confinement claim *before* filing the complaint in this action. Although Plaintiff states that he exhausted all administrative remedies "2 weeks ago," he does not specify the date of exhaustion and, because his response to the Court's show cause order is undated, the Court cannot independently determine the date. Further, no documents attached to Plaintiff's response indicate that he exhausted his administrative remedies with respect to the claims in this action, before he filed his complaint. The partial 602 grievance attached to his response does not demonstrate that he received a final decision before filing the complaint in this action.

Accordingly, **within fourteen (14) days** from the date of service of this order, Plaintiff SHALL provide a supplemental response to the Court's order to show cause why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. Plaintiff's response should either: (1) specify the date that he exhausted his administrative remedies, i.e., state the date (month, day, and year) that he received a final decision at the third level on his 602 grievance as to his conditions of confinement claim; and/or (2) include documents demonstrating that he exhausted his administrative remedies. If Plaintiff fails to comply with this order, the Court may recommend dismissal of this action for failure to comply with a Court order.

IT IS SO ORDERED.

Dated:    **August 12, 2025**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE