# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ARMANDO MUNOZ,<br><br>           Plaintiff,<br><br>    v.<br><br>CATES,<br><br>           Defendant. | Case No.  1:25-cv-00827-BAM (PC)<br><br>ORDER DISCHARING ORDER TO SHOW CAUSE (ECF No. 8)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Julio Armando Munoz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated on July 9, 2025, alleging events occurring in March 2025.  (ECF No. 1.)

On July 14, 2025, the Court issued an order requiring Plaintiff to show cause, within twenty-one days, why this action should not be dismissed for failure to exhaust administrative remedies prior to filing suit.  (ECF No. 8.)  Plaintiff filed a response on August 7, 2025.  (ECF No. 9.)  On August 12, 2025, the Court issued an order requiring Plaintiff to provide a supplemental response to the order to show cause, within fourteen days, why this action should not be dismissed for failure to exhaust prior to filing suit.  (ECF No. 10.)  Plaintiff did not file a response, and the deadline to do so has expired.

1

## I.  Legal Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corr.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

## II.  Discussion

In the complaint, Plaintiff states there is an inmate appeal or administrative grievance process available at his institution, but he did not submit a request for administrative relief, and he

2

did not appeal his request for administrative relief to the highest level. (ECF No. 1, p. 3.) Plaintiff further states in explanation for why he did not submit or appeal a request for administrative relief at any level, "Haven't figured it out." (*Id.*) Because it appeared on the face of the complaint that Plaintiff filed suit prematurely without first exhausting administrative remedies, the Court issued an order on July 14, 2025, requiring Plaintiff to show cause why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. (ECF No. 8.)

On August 7, 2025, Plaintiff filed a response to the order to show cause. In his response, Plaintiff states that he "exhausted 602's to Sacramento, Office of Appeals," and requests that the Court be patient with him because he suffers from mental problems. (ECF No. 9, p. 1.) He further states that he "did exhaust all 602 remedies 2 weeks ago." (*Id.*) Plaintiff attaches to his response: (1) a copy of the Court's order to show cause issued on July 14, 2025, and (2) page 1 of 2 of a 602 grievance on his March 2025 conditions of confinement claim, which was received by the Office of Grievances on March 17, 2025. (ECF No. 9, pp. 2-5.)

Based on Plaintiff's response, the Court could not determine if Plaintiff exhausted his administrative remedies regarding his conditions of confinement claim *before* filing the complaint in this action. Although Plaintiff stated in his August 7, 2025 response that he exhausted all administrative remedies "2 weeks ago," he did not specify the date of exhaustion and, because his August 7, 2025 response to the Court's show cause order was undated, the Court could not independently determine the date. Further, the Court noted that no documents attached to Plaintiff's response indicated that he exhausted his administrative remedies with respect to the claims in this action, before he filed his complaint. The partial 602 grievance on his conditions of confinement claim did not demonstrate that Plaintiff received a final decision before filing the complaint in this action. (ECF No. 10.) Rather, it showed only that a grievance had been submitted to the Office of Grievances. (*See* ECF No. 9 at 4.)

On August 12, 2025, the Court ordered Plaintiff to provide a supplemental response to the Court's July 14, 2025 order to show cause why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. (ECF No. 10.) The Court instructed Plaintiff

3

1  that his response should either: (1) specify the date that he exhausted his administrative remedies,
2  i.e., state the date (month, day, and year) that he received a final decision at the third level on his
3  602 grievance as to his conditions of confinement claim;[1] and/or (2) include documents
4  demonstrating that he exhausted his administrative remedies. (*Id.*, p. 2.) Plaintiff did not respond
5  to the Court's order.

6      Based on the information provided, it appears clear from the face of the complaint that
7  Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance
8  with the PLRA, section 1997e(a). Plaintiff's response to the Court's July 14, 2025 order to show
9  cause does not demonstrate that Plaintiff otherwise exhausted his administrative remedies prior to
10 filing suit. Additionally, Plaintiff failed to file a supplemental response in compliance with the
11 Court's August 12, 2025 order.

12 **III.    Order and Recommendation**

13     Accordingly, the order to show cause issued on July 14, 2025, (ECF No. 8), is HEREBY
14 DISCHARGED and the Clerk of the Court is DIRECTED to randomly assign a District Judge to
15 this action.

16     Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without
17 prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.

18     These findings and recommendations will be submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen**
20 **(14) days** after being served with these findings and recommendations, Plaintiff may file written
21 objections with the Court. The document should be captioned "Objections to Magistrate Judge's
22 Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or**
23 **include exhibits. Exhibits may be referenced by CM/ECF document and page number if**
24 **already in the record before the Court. Any pages filed in excess of the 15-page limit may**
25 **not be considered.** The parties are advised that failure to file objections within the specified time

---

27 [1] The Court's order incorrectly stated "the third level" of review. During the relevant time, the
California prison grievance system had <u>two</u> levels of review. Cal. Code Regs. tit. 15, § 3480, *et*
28 *seq.*

may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 15, 2025**            /s/ Barbara A. McAuliffe            
                                                    UNITED STATES MAGISTRATE JUDGE